IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEANDRE DILLARD,                          *

     Plaintiff,                          *

v.                                        *          Civil No. TJS-24-1154

AMERICAN ASSOCIATION OF STATE             *
HIGHWAY AND TRANSPORTATION
OFFICIALS (AASHTO),                       *

     Defendant.
                  *     *     *     *     *     *

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss (ECF No. 24), filed on July 25, 2024.[1] Having considered the submissions of the parties (ECF Nos. 24, 28 & 29), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be **DENIED IN PART** and **GRANTED IN PART**.

## I.     Background

Pro se Plaintiff DeAndre Dillard filed the above-captioned action against the American Association of State Highway and Transportation Officials ("AASHTO") on April 19, 2024. ECF No. 1. Plaintiff's Statement of the Claim reads in its entirety:

> 1. Mr. DeAndre Dillard was employed by AASHTO from February 2022 to September 2022, during which time he was subjected to unlawful discrimination, harassment, and retaliation based on protected classes, primarily race.
> 2. AASHTO employees Kathryn Coghlan and Ben Sade engaged in discriminatory conduct towards Mr. Dillard, including invasion of privacy, xenophobic comments, racial insensitivity, in-group favoritism, and efforts to impede his career progression from April-August 2022.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 22.

3. During Mr. Dillard's medical leave in August 2022, AASHTO management improperly disclosed his confidential health information intended solely for Clarisse Bernardes Coble, violating workplace privacy standards.

4. AASHTO managers Mike Wagner and Maria Knake retaliated against Mr. Dillard for his discrimination complaints through heightened scrutiny, arbitrary discipline, and constructive dismissal tactics between June-August 2022.

5. AASHTO's discriminatory actions caused Mr. Dillard severe emotional distress requiring medical treatment and ongoing therapy. Their retaliatory conduct and breach of confidentiality led to his constructive discharge in September 2022. *Id*. at 8.

Plaintiff's Statement of the Facts does not identify the laws which Defendant allegedly violated. As the basis for federal question jurisdiction, Plaintiff cites Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; Section 1981 of the Civil Rights Act of 1991 ("Section 1981"), 42 U.S.C. § 1981; the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code, State Gov't § 20-601 *et seq*.; the Maryland Confidentiality of Medical Records Act ("MCMRA"), Md. Code, Health-Gen § 4-301 *et seq*.; and the confidentiality provision of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(d). ECF No. 1 at 4. Those same statutes are identified as Plaintiff's Cause of Action on his Cover Sheet Form. ECF No. 1-5.

## II.   Discussion

### A.  Legal Standard for Dismissal Under Rule 12(b)(6)

Under Federal Rules of Civil Procedure 8(a), a pleading that sets forth a claim for relief shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The "short and plain statement of the claim" must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." Furthermore, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of

action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A complaint must provide "more than labels and conclusions," as courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nevertheless, "a pro se plaintiff still must allege facts that state a cause of action." *Sado v. Leland Memorial Hosp.,* 933 F. Supp. 490, 493 (D. Md. 1990). Furthermore, "[w]hile pro se complaints may 'represent the work

of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### B.   Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's claim for relief lacks specific factual allegations to support a viable cause of action, instead relying on conclusory statements that fail to address individual counts against Defendant or the elements of those counts. For example, Plaintiff's allegation that he "was subjected to unlawful discrimination, harassment, and retaliation based on protected classes, primarily race" is a conclusive statement, and Plaintiff does not allege sufficient facts to support it. References to "heightened scrutiny, arbitrary discipline, and constructive dismissal" are not specific enough to give Defendant notice of the facts upon which Plaintiff's claim rests. To state a claim upon which relief can be granted, Plaintiff's Statement of the Claim must (1) state the particular laws which he alleges that Defendant violated; and (2) for each violation, describe with particularity the facts and events which, if proven, would satisfy all elements of the claim.

A claim of employment discrimination under Title VII, 42 U.S.C. § 2000e-2(a); Section 1981, 42 U.S.C. § 1981; or the Maryland Fair Employment Practices Act (MFEPA), Md. Code, State Gov't § 20-606, requires a plaintiff to assert facts that plausibly establish: "(1) [Plaintiff's] membership in a protected class; (2) satisfactory job performance; (3) adverse employment action [by Defendant]; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d. 187, 190 (4th Cir. 2010) (describing the elements of a prima facie case of discrimination under Title VII, 42 U.S.C. § 2000e-2(a)); *Thomas v. City of Annapolis*, 851 Fed. Appx. 341, 347 (4th Cir. 2021) ("The elements of a prima facie case

under § 1981 are the same as under Title VII."); *Passwaters v. Wicomico Cty.*, No. RDB-18-2923, 2019 U.S. Dist. LEXIS 205854, at *25 (D. Md. Nov. 27, 2019) ("The same framework governs Plaintiffs' Title VII and S.G. § 20-606 claims.").

To state a claim of retaliation under Title VII, 42 U.S.C. § 2000e-3(a); Section 1981, 42 U.S.C. § 1981; or MFEPA, Md. Code, State Gov't § 20-606, a plaintiff must assert facts that establish "(1) [Plaintiff's] engagement in a protected activity; (2) adverse employment action [by Defendant]; and (3) a causal link between the two events." *Coleman*, 626 F.3d. at 190.

A claim under the ADA confidentiality provision, 42 U.S.C. § 12112(d), requires a plaintiff to allege sufficient facts to establish that (1) the employer collected medical information from Plaintiff through "voluntary medical examinations [as] part of an employee health program" or "inquiries into the ability of an employee to perform job-related functions"; and (2) the employer did not treat such medical information as confidential or used such information not in accordance with 42 U.S.C. § 12111 *et seq*. 42 U.S.C. § 12112(d). *See Rohan v. Networks Presentation, LLC*, 174 F. Supp. 2d 806, 814 (D. Md. 2001) (dismissing ADA confidentiality claim because "Plaintiff does not argue that she falls within the protection of 42 U.S.C. § 12112(d) because she responded to an employer inquiry"); *see also Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000).

As previously stated, the Complaint is insufficient and does not comply with federal pleading requirements. Plaintiff has made no specific allegations about the purportedly unlawful conduct of Defendant. Because of his pro se status, Plaintiff shall be afforded the opportunity to file an amended complaint that contains clear and concise factual allegations in compliance with Federal Rule 8(a). At a minimum, Plaintiff must set out each law allegedly violated by the Defendant, specific actions which the Defendant took, when such actions took place, and how each action amounted to a violation of the law.

As a reminder: an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against the Defendant, so that it may stand alone as the sole complaint in this action which the Defendant must answer. Plaintiff is forewarned that the failure to file an amended complaint as directed may result in dismissal of this case without prejudice and without further notice.

### C. A Claim Under the Maryland Confidentiality of Medical Records Act Would Be Futile.

The MCMRA states, "[a] health care provider shall: (1) Keep the medical records of a patient or recipient confidential; and (2) Disclose the medical record only: (i) As provided by [Section 4-302]; or (ii) As otherwise provided by law." Md. Code, Health-Gen § 4-302(a). The purpose of this Act was "to protect the privacy of patients and to maintain the confidentiality of medical records, while establishing clear and certain rules for disclosure of those records." *In re Special Investigation Misc. 1064*, 478 Md. 528, 568 (2021) (quoting *Warner v. Lerner*, 348 Md. 733, 742 (1998) (Raker, J., concurring)). A claim under the MCMRA therefore requires a plaintiff to allege, *inter alia*, that the defendant is a healthcare provider. Defendant is not a healthcare provider, so a claim against Defendant under the MCMRA, even if properly pleaded, would be "obscure or extravagant." *See Weller*, 901 F.2d at 391. It would therefore be futile for Plaintiff to amend his claim under the MCMRA.

Because the MCMRA is inapplicable to Defendant as a non-healthcare provider, Defendant's motion to dismiss will be granted as to Plaintiff's claim under Md. Code, Health-Gen

§ 4-302(a). This claim will be dismissed and Plaintiff will not be permitted to include the claim in his amended complaint.

**III.    Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 24) is **DENIED IN PART** with respect to Plaintiff's claims under Title VII, 42 U.S.C. § 2000e-2(a) & 3(a); Section 1981, 42 U.S.C. § 1981; the MFEPA, Md. Code, State Gov't § 20-606; and 42 U.S.C. § 12112(d). Defendant's Motion to Dismiss (ECF No. 24) is **GRANTED IN PART** with respect to Plaintiff's claim under the MCMRA, Md. Code, Health-Gen § 4-302(a). Plaintiff shall file an amended complaint, as directed herein, by **November 19, 2024**. Plaintiff is **FOREWARNED** that failure to comply with this Order in the time specified may result in dismissal of the Complaint without prejudice and without further notice from the Court.

The Clerk of Court shall mail a copy of this Memorandum and Order to Plaintiff.

Date: October 22, 2024                    _____/s/_____
                                          Timothy J. Sullivan
                                          Chief United States Magistrate Judge

7