IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEANDRE DILLARD, | * |
| Plaintiff, | * |
| v. | *   Civil No. TJS-24-1154 |
| AMERICAN ASSOCIATION OF STATE HIGHWAY AND TRANSPORTATION OFFICIALS (AASHTO), | * * |
| Defendant. | |

\* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Physical Exhibit ("Plaintiff's Motion") (ECF No. 41) and Defendant's Motion to Compel ("Defendant's Motion") (ECF No. 43).[1] Having considered the submissions of the parties (ECF Nos. 41 & 43), I find that a hearing is unnecessary.[2] *See* Loc. R. 105.6 For the following reasons, Plaintiff's Motion is **DENIED** and Defendant's Motion is **GRANTED**.

**I.      Plaintiff's Motion**

Plaintiff seeks leave of Court to file a physical exhibit. He states that "[f]iling the physical exhibit is necessary to provide the Court and the Defendant with a complete record of the evidence supporting the Plaintiff's claims of employment discrimination, harassment, retaliation, and hostile work environment against AASHTO." ECF No. 41.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 22.

[2] The Court previously directed Plaintiff to file his response to the Motion to Compel by April 3, 2025. ECF No. 44. Plaintiff did not file a timely response.

Insofar as Plaintiff attempts to submit physical exhibits to substantiate the claims made in his complaint, his proffer is premature. Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). This rule requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1958)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient." *Id*. The Court previously explained this in a December 3, 2024 Order denying Plaintiff's first motion for leave to file physical exhibits. ECF No. 37. At this stage of the case, like in December of 2024, Plaintiff is not required to substantiate the allegations of his complaint with evidence to the Court.

Plaintiff's Motion is also inappropriate insofar as it may be an attempt to comply with Rule 26 disclosure requirements.[3] Per the Local Rules for the District of Maryland, "disclosures under Fed. R. Civ. P. 26(a)(1) and (2) shall not be filed with the Court." Loc. R. 104.5. Because Plaintiff intends to use the proposed exhibit to support his claims, the records should be provided to Defendant—in the form prescribed by the rules—and should not be filed with the Court.

---

[3] The Scheduling Order provides that "[t]his is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made." ECF No. 38 at 2.

## II.     Defendant's Motion

According to Defendant, Plaintiff has not provided responses to Defendant's First Set of Requests for Production or Defendant's First Set of Interrogatories (together, "Defendant's Requests"). Defendant's Requests were both served on January 2, 2025. ECF No. 43. Under the Federal Rules of Civil Procedure, the responding party must serve its answers (for an interrogatory) and written responses (for a document request) and any objections within 30 days after being served with such requests. Fed. R. Civ. P. 33(b)(2) (interrogatories) & 34(b)(2)(A) (document production requests). Plaintiff was therefore required to answer or respond to Defendant's Requests, including with any objections, by February 1, 2025. But he failed to do so and failed to respond to Defendant's subsequent attempts to contact Plaintiff. ECF No. 43 at 2 (describing three unsuccessful attempts to communicate with Plaintiff after Plaintiff did not answer or respond to Defendant's Requests). "A party seeking discovery may move for an order compelling an answer [or] production . . . if a party fails to respond to an interrogatory submitted under Rule 33 . . . [or] produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Plaintiff has failed to respond to Defendant's interrogatories or document production requests. Defendant's Motion will be granted.

## III.    Conclusion and Order

Because Plaintiff (1) need not substantiate the claims in his complaint at this time and (2) may not file Rule 26(a)(1) and (2) disclosures with the Court, Plaintiff's Motion for Leave to File Physical Exhibit (ECF No. 41) is **DENIED** without prejudice to renewal at the appropriate time. Because Plaintiff has failed to answer/respond or object to Defendant's Requests, in violation of Rule 33 and Rule 34, Defendant's Motion to Compel (ECF No. 43) is **GRANTED**.

Plaintiff is **ORDERED** to serve complete, truthful, and non-evasive responses to Defendant's First Set of Production Requests and Defendant's First Set of Interrogatories by **April 11, 2025**. If Plaintiff fails to comply with this Order compelling the production of discovery, Defendant may file a motion for sanctions pursuant to Rule 37(b), and the Court may impose the following sanctions against Plaintiff:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

The Clerk is instructed to email a copy of this Memorandum and Order to the Plaintiff.

Date: April 4, 2025                                     /s/
                                                        Timothy J. Sullivan
                                                        Chief United States Magistrate Judge