IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEANDRE DILLARD,                         *

    Plaintiff,                              *

    v.                                          *                Civil No. TJS-24-1154

AMERICAN ASSOCIATION OF STATE    *
HIGHWAY AND TRANSPORTATION
OFFICIALS (AASHTO),                      *

    Defendant.
                     *        *        *        *        *        *

**MEMORANDUM OPINION**

Pending before the Court is Defendant American Association of State Highway and Transportation Officials' ("AASHTO") Motion for Sanctions ("Motion") (ECF No. 51), filed on May 1, 2025. Having considered the submissions of the parties (ECF Nos. 51, 55, & 57[1]), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons stated below, the Motion is **GRANTED**, and Plaintiff Deandre Dillard's case is **DISMISSED** with prejudice.[2]

I.      **BACKGROUND**

Discovery in this case commenced on December 3, 2024. ECF No. 38. On January 2, 2025, Defendant served its First Set of Requests for Production and First Set of Interrogatories to Plaintiff. ECF No. 43 at 2. Plaintiff did not respond to Defendant's discovery requests, and after

---

[1] *Pro se* Plaintiff filed his response to the Motion on May 21, 2025. Although this is past the response deadline, *see* Loc. R. 105.2, I will consider Plaintiff's response (ECF No. 57) as if timely submitted.

[2] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 22.

several attempts to communicate with Plaintiff regarding discovery, Defendant filed a Motion to Compel Discovery Responses on March 27, 2025. ECF No. 43.

Prior to Defendant's Motion to Compel, Plaintiff attempted three times to file physical exhibits with the Court. ECF Nos. 3, 33, & 41. Plaintiff alleged that the proposed physical exhibit—a flash drive—contained electronic evidence that was crucial to his claims. *Id.* The first two Motions for Leave to File Physical Exhibits were filed prior to the opening of discovery. The Court denied those motions on the grounds that they were premature, as Plaintiff was not required to substantiate the allegations of his complaint with evidence. ECF Nos. 6 & 37.

On April 7, 2025, the Court denied Plaintiff's third Motion for Leave to File Physical Exhibits and granted Defendant's Motion to Compel Discovery Responses. ECF No. 45. The Court again explained to Plaintiff in the Memorandum and Order ("April 7 Order") that he was not required to substantiate the factual allegations in his complaint with evidence at this stage. *Id.* I also informed Plaintiff that his attempts to submit evidence to the Court did not meet his obligations to comply with any Rule 26 disclosure requirements because, per the Local Rules for the District of Maryland, "disclosures under Fed. R. Civ. P. 26(a)(1) and (2) shall not be filed with the Court." Loc. R. 104.5. ECF No. 45. I therefore ordered Plaintiff to "serve complete, truthful, and non-evasive responses to Defendant's First Set of Production Requests and Defendant's First Set of Interrogatories by April 11, 2025." *Id.* Plaintiff was warned that failure to comply with the April 7 Order could result in the Court imposing sanctions against him pursuant to Rule 37(b). *Id.*

Despite the April 7 Order, Plaintiff did not produce discovery to Defendant by April 11, 2025, or at any point since that date. ECF Nos. 50 & 51. Plaintiff also refused to provide the flash drive to Defendant that he attempted repeatedly to file with the Court. ECF No. 51 at 5. Defendant

states that "[t]o date, Plaintiff has . . . provid[ed] no response to AASHTO's discovery requests." *Id.* at 2.

On March 31, 2025, Defendant emailed Plaintiff a notice setting a deposition for Plaintiff on April 10, 2025. ECF No. 48. Plaintiff received the notice in the mail on April 3, 2025. *Id.* On April 1, 2025, Defendant emailed Plaintiff to notify him of a location change for the place of the deposition. *Id.* On April 8, 2025, Plaintiff filed a Motion for Protective Order to block his deposition. ECF No. 46. He argued that Defendant's notice of the deposition was ineffective because the notice of location change, which Plaintiff received electronically the day after the original notice, was not delivered by mail as of the date he filed his Motion for Protective Order. *Id.* Plaintiff's Motion for Protective Order was denied on April 9, 2025, and I ordered Plaintiff to appear for the deposition on April 10, 2025 as scheduled ("April 9 Order"). ECF No. 47. I found that Plaintiff had received actual notice of the deposition, that the notice afforded Plaintiff a reasonable amount of time to prepare, and that Plaintiff raised no objection of being unavailable for the deposition date. *Id.*

Despite the April 9 Order, Plaintiff did not appear for his deposition. Instead, Plaintiff filed an Emergency Motion for Protective Order Regarding April 10, 2025 Deposition, reasserting his previous objections and stating for the first time that he was unavailable for the deposition due to work obligations. ECF No. 48. Plaintiff also stated that he would not be available for a deposition on any weekdays before 6:00 p.m. *Id.* Finding that Plaintiff's Emergency Motion for Protective Order was filed in a bad faith attempt to obtain a procedural advantage over Defendant, the motion was denied, and Plaintiff was again ordered to submit to deposition as noticed by Defendant. ECF No. 50. Plaintiff was again warned that failure to comply with the Court's orders could result in sanctions pursuant to Rule 37(b). *Id.*

Despite two orders from the Court directing Plaintiff to appear for the April 10, 2025 deposition,[3] Plaintiff failed to appear. The parties therefore rescheduled Plaintiff's deposition for April 21, 2025. ECF No. 50. During the deposition, however, Plaintiff refused to answer proper deposition questions, such as identifying witnesses, identifying his current employer, and identifying his social media accounts.[4] *Id.* Discovery closed on April 17, 2025. ECF No. 38.

In sum, discovery in this case has concluded. Plaintiff has not provided any written responses to Defendant's interrogatories and document requests despite being ordered to provide responses; he has withheld electronic evidence that he claims is crucial to his case; he failed to appear for a deposition despite two court orders directing him to appear; and he refused to answer proper deposition questions when he appeared for his rescheduled deposition. Defendant filed the present Motion on May 1, 2025, requesting sanctions pursuant to Rule 37(b). ECF No. 51; *see* Fed. R. Civ. P. 37(b)(2)(A). Specifically, Defendant requests that the Court dismiss Plaintiff's Amended Complaint. Defendant also requests that the Court award attorney's fees pursuant to Rule 37(b) as "reasonable expenses . . . caused by the [disobedient party's] failure [to comply with a Court order]. ECF No. 51; *see* Fed. R. Civ. P. 37(b)(2)(C).

## II.    DISCUSSION

District courts have the authority to dismiss a case under Rule 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse."

---

[3] Because the Emergency Motion for Protective Order was filed after the scheduled start time of the deposition, Plaintiff did not receive the Court's April 10, 2025 Memorandum and Order (ECF No. 49) in time to attend his deposition.

[4] Under Rule 30(c)(2), a deponent may refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Plaintiff's refusal to answer questions at his deposition was unjustified and improper.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991); Fed. R. Civ. P. 37(b)(2)(A), 37(d), and 41(b). Under Rule 37(b), a court may "dismiss [ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *Id.* 37(d)(1)(A)(ii), (d)(3). Further, Rule 41(b) permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *Id.* 41(b).

The Court is mindful that Plaintiff, as a self-represented litigant, faces far more challenges than a party represented by counsel. For that reason, the Court has been vigilant to provide Plaintiff with more than sufficient opportunities to comply with its orders and the governing rules, as well as clear warnings about the consequences of his failure to do so. The Court has provided Plaintiff with extensive guidance on federal pleading requirements (ECF No. 31), explained that documents produced during discovery must be provided to the opposing party and not filed with the Court (ECF No. 45), and informed Plaintiff that his responses to Defendant's document requests and interrogatories must be complete, truthful, and non-evasive. Still, the Court cannot twist the rules just for Plaintiff. *Pro se* litigants "are subject to the [same] time requirements and respect for court orders [as other litigants] without which effective judicial administration would be impossible." *Ballad v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). In determining an appropriate sanction, the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount

of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.*; *S. States Rack & Fixture, Inc. v. Sherwin-Williams, Co*., 318 F.3d 592, 597 (4th Cir. 2003).

The court must consider four similar factors prior to dismissal under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of International Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are " 'virtually the same.' " *Taylor v. Fresh Fields Markets, Inc.*, No. A-94-0055, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2) (4th Cir. 1994); *see, e.g.*, *Tabor v. E .J. Patterson, Inc.,* No. A. 98– 2438, 1999 WL 52144 (E.D. La. 1999) (analyzing facts under Fed. R. Civ. P. 37(d) and 41(b) together and dismissing without prejudice pro se plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition).

The most serious sanctions of dismissal and default judgment are reserved for "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc*., 872 F.2d 88, 92 (4th Cir. 1989); *Anderson*, 155 F.3d at 505 (describing default judgment as "a last-resort sanction"). Courts in the Fourth Circuit generally impose dispositive sanctions only after providing a "clear and explicit" warning of the possibility of such a sanction to the noncompliant party. *DeLoatch v. Baywood Hotels, Inc*., No. JKB-18-3811, 2020 WL

7230758, at *2 (D. Md. Dec. 8, 2020) (citing *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019)).

Here, I find all four factors of both tests weigh in favor of dismissal of Plaintiff's complaint.

As for the first factor, the Court finds that Plaintiff acted in bad faith and is personally responsible for failing to comply with the Court's discovery orders. The April 7 Order directed Plaintiff to provide complete, truthful, and non-evasive responses to Defendant's discovery requests. Plaintiff provided no responses to Defendant's discovery requests, in direct violation of this order. Plaintiff alleges that he "produced responses to nearly all of Defendant's requests through his submission of approximately 300 printed pages of supporting evidence attached to his Amended Complaint." ECF No. 57. But this is both inaccurate and inapposite. There are 205 pages of evidence attached to the Amended Complaint, not 300. As explained in the Court's April 7 Order, "disclosures under Fed. R. Civ. P. 26(a)(1) and (2) shall not be filed with the Court." Loc. R. 104.5. ECF No. 45. More importantly, it is not clear whether the documents attached to the amended complaint documents were responsive to Defendant's discovery requests. And even assuming they were, the Court denied Plaintiff's Motion for Leave to file the "crucial" evidence contained on the flash drive, so Defendant never received any documents whatsoever. Plaintiff initiated this case against the Defendant but through his conduct has improperly attempted to deny Defendant the right to obtain discovery about the alleged claims. *See, e.g.*, *Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (citing *Nat'l Hockey League v. Metro Hockey Club*, 427 U.S. at 643) (finding that the plaintiff demonstrated bad faith when she failed to comply with an "order directing her to respond to [the defendant's] interrogatories and requests for documents.").

Plaintiff also acted in bad faith by failing to comply with the Court's April 9 Order to submit to his deposition as noticed. Despite receiving notice on March 31, 2025, of the date and time of his deposition,[5] Plaintiff waited until April 8, 2025, to file the Motion for Protective Order, asserting inadequate notice of a location change. Then, after the Court denied his Motion for Protective Order, Plaintiff filed an Emergency Motion for Protective Order on the date of his scheduled deposition, asserting that he was unavailable for the scheduled date and time. Plaintiff delayed seeking relief from the Court because he wanted to obstruct Defendant's efforts to depose him. Plaintiff was aware of the date and time since March 31, 2025. Rather than taking steps to clear his schedule, coordinate with opposing counsel, or timely seek intervention from the Court, Plaintiff waited eight days to file a Motion for a Protective Order, and when his motion was denied, he raised scheduling concerns for the first time in an Emergency Motion on the day of the deposition. The Court will not tolerate such dilatory conduct. This factor weighs in favor of dismissal.

Turning to the second factor, the Court finds that Plaintiff has deliberately withheld material evidence, thereby causing substantial prejudice to Defendant. Defendant is entitled to obtain discovery, including production of documents, complete and truthful answers to interrogatories, and responses to proper deposition questions. Without this discovery, Defendant cannot be certain what evidence, if any, supports Plaintiff's claims. *See Allen v. One Stop Staffing, LLC*, No. ELH-19-2859, 2021 WL 5416530, at *5 (D. Md. Nov. 19, 2021) ("To be sued in federal court is serious business. The defendant is entitled to pursue discovery to ascertain whether there is merit to the claims."). "The purpose of pre-trial discovery is for a litigating attorney to obtain

---

[5] Email notice of the original date, time, and location was sent to Plaintiff on March 31, 2025. Mail notice was received by Plaintiff on April 3, 2025. Email notice of the new location was sent to Plaintiff on April 1, 2025. The date and time remained unchanged.

8

information from the opposing party, information which in many cases is not otherwise available." *Middlebrooks v. Sebelius,* No. PJM-04-2792, WL 2514111, at *3 (D. Md. Aug. 13, 2009). Discovery is now closed, and Defendant's noncompliance with the Rules and Court orders has prejudiced Defendant's ability to obtain discovery and prepare a defense. In addition to prejudicing Defendant's ability to prepare a defense on the merits, Plaintiff also caused unnecessary delay and expense to Defendant throughout discovery.

For the third factor, the Court must consider whether Plaintiff's conduct is isolated, or part of a history of dilatoriness, and the need to deter such conduct. Conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. at 643. Plaintiff has ignored the Federal Rules and orders of the Court multiple times, even after being warned of the possibility of sanctions, including dismissal, if he failed to comply. Plaintiff's pattern of conduct throughout this litigation demonstrates a flagrant disregard for the judicial process and a mistaken belief that he need not follow the rules governing all litigants in federal court. Despite the Court's repeated efforts to explain Plaintiff's obligations and provide him with opportunities for compliance, he has consistently disregarded his discovery obligations.

Fourth, the Court must consider whether a less drastic sanction would be effective. I find no sanction short of dismissal would be effective. Plaintiff produced no documents or responses to interrogatories despite the April 7 Order. Plaintiff also failed to appear for his April 10, 2025 deposition despite two orders directing him to appear for it. And when Plaintiff was finally deposed, he repeatedly refused to answer Defendant's proper deposition questions. The Court will

not reopen discovery and further delay resolution of this case given the number of opportunities that Plaintiff has had to fulfill his required discovery obligations. Given Plaintiff's record for flouting the Federal Rules and Court orders, the prejudice this has caused Defendant, and the procedural posture of this case, no sanction other than dismissal would be effective.

Finally, before dismissing a case under Rules 37(d) and 41(b), the Court must also consider whether the party facing dismissal was aware of dismissal as a potential sanction. *See Green*, 188 F.R.D. at 424. The Court warned Plaintiff on April 7, 2025, and again April 10, 2025, that failure to comply with the Court's orders could result in the Court imposing sanctions, including "dismissing the action or proceeding in whole or in part." ECF Nos. 45 & 49 (quoting Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)). Plaintiff was on notice that dismissal was a potential sanction for his continued noncompliance.

If a party fails to comply with a Court order to provide discovery, "[i]nstead of or in addition to [sanctions], the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)C). As described above, Plaintiff's failure to comply with the April 7 Order and April 9 Order was not substantially justified. And Plaintiff has failed to present any information which would make an award of expenses against him unjust. Therefore, Defendant will be awarded reasonable expenses caused by Plaintiff's failure to comply with the Court's discovery orders.

If Defendant wishes to seek an order requiring Plaintiff to pay the reasonable expenses (including attorney's fees) that Defendant incurred in connection with Plaintiff's failure to comply with the Court's discovery orders, it shall submit a memorandum in support, along with a statement of its reasonable expenses, including any supporting evidence (such as billing records and

10

information about how long each billing attorney has been admitted to the bar, see Appendix B to the Court's Local Rules), by August 8, 2025. Plaintiff's response to Defendant's petition for expenses shall be filed by August 22, 2025. Any reply shall be filed by August 29, 2025.

## III.   CONCLUSION

Defendant's Motion for Sanctions is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Defendant's Motion to Stay Proceedings (ECF No. 52) is **DENIED AS MOOT**. If it so elects, Defendant shall file a memorandum in support of its request for reimbursement of costs by August 8, 2025. A separate Order will follow.


July 24, 2025                              _____/s/_____
Date                                       Timothy J. Sullivan
                                           Chief United States Magistrate Judge

11